### J. C. CHESTNUT, ADMINISTRATOR, ET AL., v. J. C. CHISM.

Decided December 17, 1898.

**1. Patent to Land as Evidence.**

A patent to a pre-emption obtained by a vendee after his purchase, in accordance with the application and affidavit for survey made by the vendor, is not inadmissible as a self-serving declaration in an action to recover damages for a breach of warranty as to quantity, the field notes in the patent, as to the part of the land in controversy, being identical with those in the survey.

**2. Parol Evidence Not Contradicting Deed.**

In an action for breach of warranty of title to land conveyed by a deed reciting a gross consideration, where the pleading avers a mistake in the field notes, parol evidence is admissible to show that the sale was in fact by the acre, and that the strip in controversy was pointed out by the vendor's agents to the vendee as part of the land sold.

**3. Breach of Warranty—Charge of Court.**

A charge in an action to recover damages as for a breach of warranty of title, that the deed from vendor to vendee conveys to the latter all the land described in the field notes of the former's pre-emption surveys as shown by the field notes in the deed, is not prejudicial error where read in connection with the charge submitting to the jury the question whether the field notes did embrace the disputed strip.

**4. Same—Warranty of Title Includes What.**

A warranty of title to land in a deed will apply to land pointed out by the vendor

and which was agreed and understood to be conveyed, though not in fact included in the deed.

**5. Same—Limitations.**

The two years statute of limitations has no application to a suit to recover damages for a breach of warranty of title to land.

**6. Same—Charge of Court.**

A requested charge, that unless certain land is included in a deed the jury should find for defendant, in a suit for breach of warranty of title, is properly refused, where the jury were charged to so find, unless the sale was by the acre and not in gross, since the deed purported to warrant the title to a pre-emption survey, which recital was followed by field notes not entirely agreeing with the original survey, and there was evidence that in offering it for sale the owner adopted the boundaries set out in such field notes, represented to the vendee that these were the true boundaries, pointed out the strip in controversy as a part of the land contained therein, and sold it at a fixed price per acre.

**7. Same—Jurisdiction of District Court.**

The district court has jurisdiction of a suit to recover damages for breach of warranty of title to a strip of land, regardless of the amount sued for, where a party was made a defendant in trespass to try title as the claimant of the strip of land in controversy, and judgment against him for the recovery of the land was sought in the event that it was found to be a part of the survey purported to be conveyed in the deed, with prayer for alternative relief against the other defendant upon the warranty if it was not so found.

**8. Same—Measure of Damages.**

A requested instruction that the jury could only find for the plaintiff in a suit to recover damages for breach of warranty to a strip of land "in such sum as the value of the land lost bears to the whole land described in the deed," is properly refused as omitting any reference to the purchase price as affording the standard by which the damages were to be determined.

**9. Practice on Appeal.**

A verdict will not be set aside as excessive where the jury in awarding damages complied with the instructions of the court, which are not so challenged by any assignment of error as to justify the appellate court in holding them erroneous.

APPEAL from Clay. Tried below before Hon. GEO. E. MILLER.

*L. C. Barrett* and *Stine, Chestnut & Hurt,* for appellants.

*Templeton & Patton,* for appellee.

TARLTON, CHIEF JUSTICE.—The disposition of a former appeal in this case appears in 36 Southwestern Reporter, 758. By reference thereto it will be seen that the suit is by Chism against the representatives of John Preston to recover damages for breach of warranty to a strip of land containing twenty-three and two-tenths acres. To avoid repetition, we content ourselves with a reference to the former report for a fuller statement of the character of the action, and of the issues involved.

On the trial, however, the case resulted differently in this instance, Chism recovering against the appellants, as representatives of Preston, a judgment for the sum of $188.40, from which this appeal is prosecuted. This sum represents the value of the strip of land in controversy, at $6.25 an acre, with interest.

Now, in accordance with the verdict of the jury on the controverted issues of fact, we find that the land as described in the warranty deed executed October 18, 1888, by John Preston to Chism embraces the strip in controversy; or in the alternative, we find that at the time of the sale of that date from John Preston to Chism, which was of the John Preston 160-acre pre-emption survey, it was the understanding between the parties to the sale that this was by the acre; and we also find that the survey contains less than 160 acres to the extent of the strip in controversy.

*Conclusions of Law.*—1.    No prejudicial error was committed by the court in admitting in evidence the patent to the John Preston pre-emption survey. As to the land in controversy, the field notes in the patent are identical with those in the survey, and the fact that the patent containing such a description was obtained by Chism after his purchase from Preston, in accordance with the application and affidavit for survey made by Preston, could not, it seems to us, constitute evidence in the nature of a self-serving declaration by Chism, as in their argument contended for by the appellants. Nor can we say that the patent described land other than that described in the deed. In fact, the jury held otherwise, upon sufficient evidence.

2.    We overrule the third assignment of error, complaining of the introduction of the testimony of J. H. Bridges and D. L. Britain to the effect that they, as agents of John Preston, negotiated the sale of the land described in the deed from Preston to Chism, and that the sale was by the acre, at $6.25 per acre. This evidence was offered in connection with the statement that Preston showed the land in controversy, with the lines and corners thereof, to Chism, as a part of the land which was sold to the latter. The plaintiff alleged that the sale was by the acre, at the uniform price of $6.25 per acre, and that in the deed the land was described substantially as in the field notes of the Preston location, save that by mutual mistake of the grantor and the grantee the call for the extreme southwest corner was incorrectly inserted, showing wherein the mistake was made. We do not think that the evidence complained of contradicted the deed, and we are of opinion that, under the circumstances stated, it was admissible.

3.    In the second paragraph of its charge, the court used the following language: "The deed above referred to (from Preston to Chism) conveys to said Chism all the land described in the field notes of the John Preston pre-emption survey as shown by said field notes in the deed." We do not think this language, when read in connection with that contained in the first clause of the fifth section of the court's charge, could have been reasonably interpreted by the jury as indicating an opinion on the part of the court that the deed embraced the land in controversy. The court manifestly submitted to the jury the determination of the question whether the field notes did embrace the disputed strip, and to this end in the third and fourth paragraphs of the charge it instructed the jury with reference to the dignity of calls in the deed. How the

two paragraphs last named could have injured the appellants, we are not able to see. The fourth and fifth assignments are thus overruled.

4. The seventh assignment complains of the fifth paragraph of the charge, which reads as follows: "If you find and believe from the evidence that the field notes of the John Preston pre-emption survey, as described in the deed from John Preston to W. H. Chism embraces any land lying south of a line drawn from the southeast corner of T. & N. O. Railroad Company survey No. 6 east to the west line of the S. C. Belden survey; or if you find and believe from the evidence that at the time of the sale from John Preston to W. H. Chism of the John Preston pre-emption survey, it was the understanding between the parties to said sale that the sale was by the acre, and not in gross, and that the said survey contains less than 160 acres of land, then and in either event you will find for the plaintiff the amount paid by W. H. Chism to John Preston and to J. C. Chesnutt, administrator, for such land lying south of said line, together with six per cent interest thereon from the time of such payment to the present."

The first proposition under this assignment, in connection with the statement thereunder, urges error to the effect that the court here assumed that the west boundary line of the S. C. Belden survey and the southeast corner of No. 6 and the northeast corner of No. 7, T. & N. O. Railroad Company's surveys, were separate and apart, and that a line could be drawn from one to the other, whereas the uncontradicted evidence showed that there was no space between the two surveys referred to. The line thus referred to in the charge was but a description justified by all the evidence in the case, adopted by the court as indicating the north boundary of the strip in controversy. The use of the language could not possibly have been detrimental to the appellants. The whole course of the testimony indicates that the line thus described was but another name for a road which the witnesses all agreed ran along the south boundary of the survey No. 6.

The second proposition is untenable, because the court in its instruction did not fix the right of recovery in the plaintiffs on the sole condition that the John Preston survey contained less than 160 acres of land, but in that connection required the existence of the further condition that it was the understanding between the parties that the sale was by the acre, and not in gross.

These remarks overrule also the two remaining propositions under this assignment, it being indisputable that, conceding the existence of the conditions named in the instruction, Chism made payments to Preston or to his representatives for the land lying south of the line referred to. These propositions do not challenge the correctness of the charge on the ground that it does not submit the proper measure of damages. Hence this question we do not consider in disposing of the assignment.

5. The court, at the request of the plaintiff, charged the jury that if the call in the deed for a certain named stone was a mistake, and that if the other calls in the deed more truly indicated the location of the

survey, and that when read in the light of the circumstances the land in controversy was included in the deed, the jury would find for the plaintiff. The eighth assignment complains of this special instruction, on the ground that the mistake referred to was barred by limitation of two years. This is not a suit to reform the deed, but to recover upon a warranty. The two years' limitation had no application. This conclusion overrules also the eleventh assignment of error, asserting a similar contention.

6. The ninth assignment complains of the refusal by the court of a special charge requested by the defendants, to the effect that, unless the land in controversy is included in the deed from John Preston to Chism, they would find for the defendants. The court in its general charge gave this instruction, with a qualification; that is to say, the jury was charged, on the condition named, to find for the defendants, unless they should find that the sale in question was by the acre and not in gross. This was sufficient, we think, under the case made by the pleadings and the evidence.

The deed in this instance purported to warrant the title to the land which it conveyed, being "the 160 acres known as the John Preston preemption survey." This recital was followed by field notes which did not entirely agree with those of the original survey, an ambiguity being introduced into the description in the deed in its call west from the southeast corner of the tract. As already shown, there was evidence tending to prove that in offering it for sale the owner adopted the boundaries set out in the field notes of the survey, representing to Chism that these were the true boundaries, pointing out the strip in controversy as a part of the land contained therein, and selling it at a fixed price per acre,—both parties laboring under a mistake in supposing that the strip in controversy was a part of the Preston survey, whereas in fact it was upon another and a different survey. Under such circumstances, it has been held that the warranty applies to the land pointed out by the vendor, though it is not in fact included in the deed. Meade v. Warring, 35 S. W. Rep., 308; Meade v. Jones, Id., 310. As the special charge ignored the phase of evidence thus indicated, it was properly refused.

7. It is asserted in several assignments of error that the district court was without jurisdiction to try this case, on account of the small amount in controversy. The record presents several answers to this complaint, but we deem it sufficient to advert to one only. On the trial below, one W. B. Worsham was made a defendant in trespass to try title, as the claimant of the strip of land in controversy, and judgment against him for the recovery of the land was sought, in the event that it was found to be a part of the John Preston survey. This issue was tried, and after the evidence was heard the court instructed a verdict for Worsham. Hence, in our opinion, as the suit had for its object in part the recovery of the land in controversy, the court was empowered to hear and determine, in the alternative, the action on the warranty, regardless of the

amount sued for. Meade v. Warring, 35 S. W. Rep., 308; Meade v. Jones, Id., 311.

8. There was evidence tending to show that the land included in the strip in controversy was of the value of from $2.50 to $4 an acre, or that it was worth only about half as much as the land not so included. Upon this the defendant predicated a requested instruction to the effect that the jury could only find for the plaintiff "in such sum as the value of the land lost bears to the whole land described in the deed."

The general rule for the measurement of the damages in case of failure of title to a portion of the land conveyed is that the vendee "can recover only such part of the original purchase price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole premises." 8 Am. and Eng. Enc. of Law, 2 ed., 174, and the authorities there cited; Doyle v. Hord, 67 Texas, 621.

This rule contemplates that, among other considerations, the original purchase price shall be referred to as a standard in awarding damages. The requested instruction omits any reference to the purchase price. It was hence improper.

Whether even the general rule above stated is applicable in this instance, if, as contended by the appellee, the sale was at a specified price by the acre, we do not determine, as the question is not presented. See, however, Thompson v. Catlett, 24 W. Va., 539; Land Co. v. Simpson, 1 Texas Civ. App., 602.

9. We are unable to say that the court erred in overruling the motion for a new trial urging excess in the verdict, in view of the fact that the jury in awarding damages complied with the instructions of the court, not so challenged by any assignment of error as to justify us in holding these instructions erroneous.

The numerous assignments of error are thus overruled, and the judgment is affirmed.

*Affirmed.*