**JONES v. CLEAVER. (No. 6931.)**

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923.)

**Landlord and tenant ⊙⟱291(14)—No recovery by landlord on rental contract during appeal in forcible entry, but only on reasonable rental value.**

Under Rev. St. art. 3960, providing that on appeal to a county court in forcible entry and detainer cases a landlord may recover damages for withholding possession during the pending of the appeal, and at common law, recovery can be had for damages from withholding the premises only on the basis of their reasonable rental value, and not on the basis of the rental contract with the tenant.

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by Jeff Cleaver against Maggie Jones. From a judgment by default for plaintiff in the court of a justice of the peace, defendant appealed to a county court, from whose judgment for plaintiff defendant appeals. Reversed and remanded.

Houtchens & Clark, of Fort Worth, for appellant.

C. C. House, of Fort Worth, for appellee.

SMITH, J. This action is one of forcible entry and detainer, originally filed in the court of a justice of the peace. From a judgment by default rendered against her in that court Maggie Jones, the tenant, appealed to the county court, where Cleaver, the landlord, prayed for judgment both for possession and for three months' rent on the property at the rate of $35 per month, the agreed rental. It was shown in the pleadings that pending trial in the county court appellee Jones had vacated the premises.

Appellee, Cleaver, did not allege or attempt to prove the reasonable rental value of the premises in controversy, but relied entirely upon the agreement of Jones to pay $35 a month therefor. The latter alleged and sought to prove the reasonable rental value to be less than this amount, but evidence offered for that purpose was excluded by the court, who directed the jury to return a verdict for Cleaver for the sum of $105, or three months' rents at the contract price.

The statute (article 3960) provides that on appeal to the county court in forcible entry and detainer cases the landlord may prove and recover "damages for withholding the possession of the premises from the appellee [landlord] during the pendency of the appeal." He is not entitled to recover upon his contract with the tenant, which, if it ever existed, he had disaffirmed and repudiated by the institution and prosecution of his suit. He cannot in one action rescind, and at the same time enforce specific performance of the contract. Having rescinded, his remedy, both at common law as well as under the statute, is for damages occasioned to him by the withholding of the premises from him. The measure of damages in the ordinary case, such as this, is the reasonable rental value of the premises for the period during which possession is withheld. The contract price at which it had been previously rented to the offending tenant had nothing to do with the question of damages suffered by the landlord in the loss of the use of the premises after that contract terminated. Null v. Garlington (Tex. Civ. App.) 242 S. W. 507.

The judgment is reversed, and the cause remanded.