## THORN v. DUNN.
### No. 8278.

Court of Civil Appeals of Texas. Austin.
May 13, 1936.

Fowler Roberts, of Big Lake, and Kerr & Gayer, of San Angelo, for appellant.

BLAIR, Justice.

Appellee H. B. Dunn sued appellant L. D. Thorn on his two notes, each for $500, and executed in part payment of lot 8 and the south 80 feet of lot 7, in block 12, of the town of Iraan, Tex.; and to foreclose a vendor's lien on the lots given to secure the notes. The defense was failure or partial failure of consideration of the notes, because appellee had not conveyed the title to the minerals in said lots. The jury found the value of the minerals to be $1, and judgment was accordingly rendered for appellee in the sum of $1,193.38; hence this appeal.

The notes were executed in connection with a written contract whereby appellee agreed, in exchange for appellant's 200 acres of land, to sell and convey appellant certain personal property and the "business building and the two lots" in suit, "free and clear of any and all encumbrances, debts, or liabilities of any kind," the notes representing the agreed difference in the value of the properties exchanged.

Appellee was not the record owner of the two lots in suit, but caused the record

owner to convey the same to appellant by a general warranty deed. However, several years prior to the transaction in question, Ira G. Yates reserved all minerals in the lots by a dedication instrument to the city of Iraan, Tex., and his deeds conveying the lots to appellant's predecessors in title likewise reserved all the minerals in the lots, and referred to the dedication instrument as having reserved all the minerals in all the property dedicated to said town of Iraan. The deeds reserving the minerals were not recorded until after the transactions between appellant and appellee were closed; and appellant testified that he did not know of such reservation of minerals until several months afterwards. The present owner of the minerals, Ira G. Yates, refused to sell them at any price.

Appellant's first two propositions relate to the improper argument of counsel for appellee to the jury in connection with the issue submitting for determination the value of the minerals in the lots. The substance of the first argument was that since the transactions involved were closed appellant had become a banker and tried to repudiate his just debts; and that the jury should "answer six cents" as the value of the minerals, "as a rebuke" to appellant for failure to pay his just debts. The second argument was that the lots were so small that no location of a well could be made, and for this reason the minerals were of little value. There was no evidence supporting this argument. The cases are numerous which condemn such arguments. See Woodard v. Texas & P. Ry. Co. (Tex.Com.App.) 86 S.W.(2d) 38; Bradshaw v. Abrams (Tex.Com.App.) 24 S.W.(2d) 372; City of Pampa v. Todd (Tex. Com.App.) 59 S.W.(2d) 114.

We also sustain appellant's third proposition that the jury's finding of $1 as the value of the minerals in place was against the undisputed evidence and against the overwhelming weight and preponderance of the evidence. The only evidence as to the value of the minerals showed them to have a value of from $1,000 to $2,000. The lots were located within 2,000 feet of a flowing well. Geologists testified that the oil field extended to them, and showed a shallow pool all around them, and that they were located on the oil structure, and that mineral rights or leases on that structure were valuable. The agent of the owner of the minerals testified that the owner would reject $1,500, or any other price, for the mineral rights in question. Experienced oil men testified that said minerals had a value of "something between $1,000 and $2,000." There was no evidence showing the value of the minerals in question to be only $1, and the jury was no doubt influenced by the argument of counsel that appellant was a banker and should receive a rebuke for not paying his debts; and that the property was so small that an oil well location could not be made thereon, which latter argument was unsupported by any evidence. Minerals in place are matters concerning which the ordinary person probably knows little as to their value, and their value is usually a matter for expert testimony to explain to the jury, because not capable of being understood by the average person. And while the jury was not compelled to accept the exact value placed upon the property by the experts, it could not wholly disregard that testimony and find the value of the minerals to be only $1, there being no evidence in the record which would support that amount. Gulf, C. & S. F. Ry. Co. v. Downs (Tex. Civ.App.) 70 S.W.(2d) 318; Kane v. St. Louis Refrigerator Transit Co. (Mo.App.) 83 S.W.(2d) 593. The value so found by the jury was clearly arbitrary, and was either fixed in accordance with their own opinion, or because of the prejudicial argument of counsel. In any event, the verdict should at least be vacated as being contrary to the overwhelming weight and preponderance of the evidence.

Since we are reversing and remanding the case, attention is called to the fact that the case was submitted to the jury on an erroneous measure of damages. Appellant's defense of failure of consideration of the notes was merely a cross-action for damages for breach of contract or warranty, or partial failure of title to the lots conveyed. The measure of damages in such cases is stated in 12 Tex.Jur. 101, § 68, as follows: "In the event of a partial failure of title to a definite part of one or more of the parcels of land conveyed, damages should bear the same proportion to the whole purchase money as the value of the part to which title fails bears to the entire premises estimated at the price paid. The true measure of damages is the actual value of the part to which title has failed, to be ascertained by its relative value compared with the balance of the land, assum-

ing the price agreed on by the parties as the value of the whole."

Many cases support the text, among which is Hynes v. Packard, 92 Tex. 44, 45 S.W. 562. Many cases also hold that the charge of the court should so limit the measure of damages for partial failure of title. Simpson v. Belvin, 37 Tex. 674; Grant v. Hill (Tex.Civ.App.) 30 S.W. 952; Chestnut v. Chism, 20 Tex.Civ.App. 23, 48 S.W. 549, writ of error refused Chesnutt v. Chism, 93 Tex. 657. It has also been held that where the transactions consist of exchange of property, evidence to show the value of personalty given for the land to which the title has failed in part, or the value of any property given in exchange by either party, is admissible, regardless of the rule against parol evidence, to show the true consideration and in order that the aforementioned measure of damages may be correctly applied. Larkin v. Trammel, 47 Tex.Civ.App. 548, 105 S.W. 552; Northcutt v. Hume (Tex.Com.App.) 212 S.W. 157.

The judgment of the trial court will be reversed, and the cause remanded.