## SNYDER et al. v. TOUSINAU.

### No. 11606.

Court of Civil Appeals of Texas. Galveston.

Jan. 20, 1944.

William D. Decker and Markwell & Stubbs, all of Galveston, for appellants.

Randolph Pierson, of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an action in forcible entry and detainer. It was originally filed in the justice court of Galveston County, Texas, in which court a judgment was rendered in favor of appellee, Anna Lois Tousinau, and against appellant, Paul D. Snyder, for the possession of the premises known as 2513 Avenue Q-½, in Galveston, Texas.

On appeal to the county court from this judgment appellee alleged, in addition to her plea for the possession of the premises in controversy, that she had sustained as damages, "rent, at the rate of $65.00 per month from the 20th day of December, 1942, and including the 20th day of the calendar month next following the date this appeal is tried and determined", with interest, and attorney's fees because of the appeal in the sum of $50, which were alleged to be reasonable and necessary.

A trial in the county court resulted in judgment by the court in favor of appellee for the possession of the premises in controversy with writ of restitution and that she recover from appellant and the sureties on his appeal bond the sum of $585, "as rent", and for the sum of $50, appellee's damages in payment of her attorney's fees. Appellee made remittitur in the sum of $139.

The record shows that appellee had leased the premises in controversy from

Sam Braslau and wife for a monthly rental of $35 and had paid them the stipulated rental therefor up to and including the month of May, 1943, at which time Mr. Braslau had refused to accept further rental payments and had requested that the rental contract be terminated. On September 20, 1942, appellee subleased said premises to appellant Snyder at a monthly rental of $65 and on January 13, 1943, she filed a forcible detainer action against appellant for the possession of said premises. She had previously served him with notices to vacate the premises.

Rule 752, Texas Rules of Civil Procedure, which had its source in and repealed Article 3990, Vernon's Annotated Civil Statutes, prior to its amendment which became effective December 31, 1943, provided that: "On the trial of the cause in the county court the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and [for] the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant, said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs."

Appellant assigns error in the action of the court in rendering judgment in favor of appellee, for the alleged reason that, appellee having failed to introduce any evidence in the trial court as to the reasonable market value of the rental of the premises in controversy during appeal, the judgment rendered for rental during the claimed period at the rate of $65 per month is without support in the record.

█ It is well settled that, under said Rule 752, damages are recoverable in a forcible detainer action for withholding the possession of the premises involved during the appeal. The rule, however, does not authorize a recovery upon the rental contract that existed between the parties prior to the filing of the suit. Our courts have uniformly held that by the filing of a forcible detainer action, the landlord in such cases has by such action elected to forfeit the contract and thereby seeks to recover the possession of the premises. Under said Rule 752 he is entitled to the value of the use of the premises, not as measured by the rental contract, but at the reasonable or market rental value of the property that

has been wrongfully withheld from him. McRae v. White, Tex.Civ.App., 42 S.W. 793; Null & Co. v. J. S. Garlington & Co., Tex.Civ.App., 242 S.W. 507; Jones v. Cleaver, Tex.Civ.App., 250 S.W. 251; Holloway v. Paul O. Simms Co., Tex.Civ.App., 32 S.W.2d 672.

In the instant case the only evidence as to the damages sustained by appellee in connection with her claim for the loss of use of the premises in controversy during the appeal is the following testimony by her:

"Question: What was the monthly rental agreed upon between you and Mr. Snyder? Answer: $65.00. .

"Question: During the months that you say that he has paid you, he paid you $65.-00 per month, is that correct? Answer: That is right.

"Question: Has he paid you any rent since the 20th of December, 1942? Answer: No sir, he hasn't.

"Question: Then it is your contention that he owes you at the rate of $65.00 per month from that date until the expiration of this litigation, is that right? Answer: Yes sir.

"Question: Or until you get your possession of your premises, is that your contention? Answer: Correct."

█ While the rental value of the premises involved in a forcible detainer suit is held to be an element of the damages recoverable in a case of this character, the testimony of appellant in reference to the repudiated rental contract between the parties to this action does not establish the rental value as such, but only that appellant had agreed to pay appellee the sum of $65 per month as rental for said property and that he had paid that amount for a certain period of time and appellee's contention that appellant was indebted to her for rental at the rate of $65 per month from the date he discontinued the payment of his rental until the expiration of this litigation does not, under above authorities, meet the requirements of the law. Under said Rule 752 she was authorized to recover only the reasonable or market rental value of the premises for the period claimed.

█ The trial court found that appellee had sustained damages in the sum of $50 in the payment of her attorney's fees. This finding is, we think, sustained by the evidence.

The judgment of the trial court as to recovery of possession of the premises in controversy and as to the $50 attorney's fee will be affirmed. In all other respects the judgment of the trial court will be reversed and the cause here rendered in favor of the appellant.

Affirmed in part; reversed and rendered in part.