P. J. HAGINAS et ux., Appellants,

v.

MALBIS MEMORIAL FOUNDATION,
Appellee.

No. 13803.

Court of Civil Appeals of Texas.

Houston.

Sept. 28, 1961.

Rehearing Denied Oct. 19, 1961.

■

———◆———

Ellis F. Morris, Houston, for appellants.

Harry W. Patterson, Robert I. Peeples, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellee recovered judgment in both the Justice Court and the County Court at Law, in a forcible detainer suit, against appellant Haginas for possession of certain premises that he had occupied as a tenant of appellee, and also recovered a judgment against him in the County Court at Law for $2,400 which represented damages accruing to appellee pending appeal because of Haginas' withholding possession during appeal and for attorney's fees and other expenses incurred in prosecuting the appeal in the County Court at Law.

■ Appellants after the judgment became final filed a motion in the case, denominating it a Bill of Review, seeking to set aside the judgment insofar as it awarded damages, they taking the position that the amount in controversy exceeded the jurisdiction of the County Court at Law, and in the alternative they asked that the judgment be reduced to $1,000. A Bill of Review is really a new suit and should be brought as such. However, no question was raised about the manner of raising the questions by motion and the parties treated the motion as properly filed. The court therefore had jurisdiction the same as if it had been filed as a new suit.

The appellee filed its amended petition in the County Court at Law just a short time before trial and for the first time asked for damages for the wrongful withholding of possession during the appeal in the amount of $5,880 and for the expense of prosecuting the suit in the County Court in the amount of $1,500.

■ Appellants take the position that the court did not have jurisdiction of the suit for damages and expenses because Article V, Section 16 of the Constitution of the State of Texas, Vernon's Ann.St., provides the maximum jurisdiction of the County Court (or the comparable statutory court, the County Court at Law) is $1,000 exclusive of interest and costs. Even they say if the court had jurisdiction, it could not render judgment for an amount in excess of $1,000.

We are unable to agree with appellants.

■■ Jurisdiction to recover possession of property from a tenant is vested by Article 3973 Vernon's Ann.Tex.St.1925. The proceeding is by a forcible detainer suit. The primary object of such a suit is the recovery of possession. The primary issue is the right to possession. There may be joined in said suit a suit to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the Justice Court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises. This is all of the relief that may be given in the Justice Court.

Rule 749, T.R.C.P. provides for an appeal by the losing party in the Justice Court to the County Court, and an appeal bond is required conditioned that the appeal will be prosecuted with effect and that appellant in the County Court will pay all costs and damages that may be adjudged against him. Rule 752, T.R.C.P. provides the parties in the County Court may plead and prove damages suffered for the withholding or defending of the premises during the pendency of the appeal and also recover necessary and reasonable expenses incurred in prosecuting or defending the cause in the County Court. No amount is stated as a limit that may be recovered. This rule was adopted by our Supreme Court by bringing forward the substance of Article 3990, Revised Civil Statutes, 1925.

There have been no cases cited, and we have found none, that have passed on the validity of the statute, or rule, or have expressly noticed whether the County Court, under the rule or statute, has jurisdiction. However, there are a number of cases where the County Court has taken jurisdiction where the damage sued for was in an amount less than $200. See H. L. Null & Co. v. J. S. Garlington & Co., Tex.Civ. App., 242 S.W. 507, no writ hist.; Simmons v. Brannum, Tex.Civ.App., 182 S.W.2d 1020, no writ hist.; Holloway v. Paul O. Simms, Co., Tex.Civ.App., 32 S.W.2d 672, no writ hist. We have found none where the amount sued for was in excess of $1,000. We also note, we think significantly, that Article 3990 was brought forward in all its material provisions by our Supreme Court when it adopted the Rules of Civil Procedure in 1941, and that such court has noticed the rule since that time to the extent that it has amended the rule.

■ Jurisdiction was obtained by the County Court at Law over the suit for possession. It is of course held that once jurisdiction is obtained over a cause of action, subsequent enlargement of the damages sued for by amendment before trial so as to include additional damages that have accrued pending trial does not oust the court of jurisdiction even though the damages asserted in the amendment, had they accrued when suit was first filed, would have been in excess of the court's jurisdiction. This is held, and the principles on which such holding is based are discussed in Isbell et al. v. Kenyon-Warner Dredging Co., Tex.Com.App., 113 Tex. 528, 261 S.W. 762. We do not mean the cited case is controlling here in all of its aspects, but it does cite and discuss with approval the cases holding that if jurisdiction is once obtained over a cause of action an increase in damages accruing pending trial on the same cause of action will not oust jurisdiction. We are of the view that, since the main object of a forcible detainer suit is to obtain possession of the premises and since jurisdiction over such was obtained by the County Court at Law by the filing of the appeal bond, Rule 752 authorizing the recovery of damages and expenses arising pending such appeal in an unlimited amount is valid. The damages and expenses thus authorized are but an incident to and arise out of, and because of, the withholding of possession pending the appeal. They are ancillary to the suit to recover possession. The situation is comparable to a suit in trespass to try title where a warrantee brings in his warrantor to recover on the warranty. The District Court having obtained jurisdiction over the cause of action for title has jurisdiction over the suit for damages for breach of warranty though the amount involved is less than the ordinary jurisdictional amount. Meade v. Warring, Tex.Civ.App., 35 S.W. 308; Chesnutt v. Chism, 20 Tex.Civ.App. 23, 48 S.W. 549.

■ Appellants say further that since they filed no answer, appellee could under Rule 753, T.R.C.P. have taken default judgment 5 days after the transcript was filed, and they should not be liable for damages accruing beyond said date. Appellants are in no position to complain because they could have vacated the premises, but did not.

The judgment of the trial court is ordered affirmed.

Affirmed.