H. R. STEWART, Appellant,

v.

Vance K. BREESE, Appellee.

No. 16154.

Court of Civil Appeals of Texas.

Dallas.

March 29, 1963.

Rehearing Denied April 26, 1963.

Robert E. White, Dallas, for appellant.

Bradford, Pritchard & Ashley, Dallas, for appellee.

DIXON, Chief Justice.

In a forcible entry and detainer suit appellee Vance K. Breese was awarded judgment for possession of the property in question and for $150 rental damages during appeal to the County Court at Law and $150 attorney's fees.

[■■■] In his first point on appeal appellant H. R. Stewart says that the property was not sufficiently described to support a judgment. In his affidavit filed in the Justice Court, Guy Berry, agent for appellee Vance K. Breese, described the property as "Rt. 1, Box 496, Old Seagoville Road, Seagoville, Texas." We think the description was sufficient. In any event appellant did not raise the issue until the case was on appeal. It was then too late. Granberry v. Storey, 61 Tex.Civ.App. 9, 127 S.W. 1122; 25 Tex.Jur. 484.

[■] In his second point, appellant alleges error of the County Court in allowing appellee to amend his petition. The amendment alleged that appellant had failed to pay rent due for three months after appellant had appealed to the County Court. The amendment was proper. Evetts v. Johns, Tex.Civ.App., 76 S.W. 778; 25 Tex. Jur.2d 483.

In his third point appellant claims that no landlord-tenant relationship was shown— that a written agreement created an option to buy.

■ Two written agreements are shown in the record. The first dated January 1, 1961 states that appellee has rented the premises to appellant at the rate of $75.00 per month, with an option to buy the property for $13,500. within twelve months upon payment to appellant of $500. as a down payment.

The second agreement, the basis of appellee's suit, signed November 15, 1961 by appellant and Mrs. Breese, wife of appellee Vance K. Breese, provides for the payment by appellant of rent at the rate of $75.00 per month on the 10th of each month. This document also provides for payment of $20.00 per month on $140.00 in arrears on the rent of a cafe which had burned. It is silent as to the option mentioned in the earlier writing dated January 1, 1961.

There is no merit in appellant's third point. The agreement of November 15th, 1961, signed by appellant apparently superseded the earlier agreement. But whether it did or not, we think the earlier agreement established the relationship of landlord-tenant for two reasons:

(1) It expressly and plainly provides that the premises are being rented to appellant for the sum of $75.00 per month.

(2) The option agreement was not a contract of sale. Slaughter Cattle Co. v. Potter County, Tex.Civ.App., 235 S.W. 295, (aff. Tex.Com.App., 254 S.W. 775); 43A Tex.Jur. 76. Appellant did not exercise his option. The relationship of landlord and tenant continued in effect.

Appellant's third point is overruled.

■ The substance of appellant's fourth point is that the County Court at Law never obtained jurisdiction of the appeal from the Justice Court because the Justice of the Peace did not file the transcript and papers in the case with the County Clerk within six days from the date of filing the appeal bond, as provided by Rule 751, Texas Rules of Civil Procedure.

We do not agree. In our opinion the Rule 751, T.R.C.P. is directory, not mandatory. If there was any duty on the part of anyone other than the Justice of the Peace to see that the Rule was complied with, it was appellant, not appellee. The situation presented by this point on appeal is somewhat unusual in that here we have a case in which the appellant is attacking his own appeal. The fourth point is overruled.

■ Appellant's fifth point is to the effect that the correct measure of damages during the time the case was on appeal in the County Court at Law is the market value of the property during the time possession is withheld from the landlord, not the rental provided in the lease. Appellant correctly states the law in regard to the measure of damages. Haginas v. Malbis Memorial Foundation, Tex.Civ.App., 349 S.W.2d 957 (aff. Tex.Civ.App., 354 S.W.2d 368); Snyder v. Tousinau, Tex.Civ.App., 177 S.W.2d 799; Jones v. Cleaver, Tex.Civ. App., 250 S.W. 251. But it will not avail him here. So far as the record shows he did not except to appellee's amended petition in the County Court at Law on the grounds he here asserts, or object to the testimony which appellee offered as the measure of damages—the arrears in rent. By his failure to except or object he waived any complaint on appeal as to the measure of damages. Lloyds America v. Payne, Tex.Civ.App., 85 S.W.2d 794; Iowa Mfg. Co. v. Baldwin, Tex.Civ.App., 82 S.W.2d 994, 999; Parks v. Hines, Tex.Civ.App., 68 S.W.2d 364, 368. Appellant's fifth point is overruled.

■ In his last point appellant claims that the rent had been paid therefore there was no basis for the suit. The record includes a duplicate deposit slip provided by appellee for $75.00 in the Grove State Bank of Dallas, Texas in appellee's name. It is dated December 27, 1961. A payment on the rent was due December 10, 1961. Suit was filed December 19, 1961, eight days prior to the alleged bank deposit. Appellant says he tendered the copy of the bank deposit slip to Mr. Berry, the agent who had

filed the suit for appellees. Mr. Berry refused to accept the slip. There was testimony that the payment due December 10, 1961 had not been paid, which testimony the trial judge obviously accepted as true. Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.