

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. BILL**
**ATTORNEY GENERAL**

August 31, 1977

Honorable A. R. Schwartz
Chairman, Jurisprudence Committee
Senate of the State of Texas
Austin, Texas

Opinion No. H-1047

Re: Whether the Open Meetings
Act prohibits a governmental
body from choosing its officers
in closed session.

Dear Senator Schwartz:

You ask two questions regarding the phrase "public of-
ficer or employee" in section 2(g) of article 6252-17, V.T.C.S.,
the Texas Open Meetings Law. The Open Meetings Law requires
that deliberations of governmental bodies be conducted publicly,
after notice. See Attorney General Opinion H-238 (1974). Dis-
cussion of certain subjects may, by express exception, be held
in closed session. Subsection 2(g) makes such an exception:

> Nothing in this Act shall be construed
> to require governmental bodies to hold
> meetings open to the public in cases in-
> volving the appointment, employment,
> evaluation, reassignment, duties, dis-
> cipline, or dismissal of a public officer
> or employee or to hear complaints or
> charges against such officer or employee,
> unless such officer or employee requests
> a public hearing.

You ask whether a city council may select a mayor pro tem
in closed session. You also ask whether a governmental body
may choose officers for its governing board in closed session.
In essence, you inquire whether the Open Meetings Act permits
a governing body to discuss the appointment or reassignment of
one of its own members in closed session.

A city council is, of course, subject to the Open Meetings
Act. See V.T.C.S. art. 6252-17, § 1(c). Although subsection
2(g) of the Act is commonly referred to as the personnel

exception, the actual term used in the subsection is "public officer or employee." We believe the mayor pro tem chosen by a city council is a public officer within subsection 2(g), and that the Open Meetings Act does not require his selection to take place in open session. The language of 2(g) does not distinguish between officers who are members of the governmental body and other officers. The Open Meetings Act does not, therefore, require the council to meet in open session when it discusses the appointment of a mayor pro tem, unless the person under consideration requests a public hearing. See Corpus Christi Classroom Teachers Ass'n v. Corpus Christi Independent School Dist., 535 S.W.2d 429 (Tex. Civ. App. -- Corpus Christi 1976, no writ). The meeting must be publicized as required by section 3A, and any closed session must first be announced in open meeting as specified in section 2(a). All formal action must be taken in public. Sec. 2(1); see Attorney General Opinion H-496 (1975).

A city council must, of course, comply with any charter provision requiring it to select officers in open meeting. Black v. Tobin, 250 S.W. 257 (Tex. Civ. App. -- San Antonio 1923, no writ). Other governmental bodies may also conduct closed meetings to discuss selection of public officers and employees without violating the Open Meetings Act. Of course, there may in some cases be other statutes and regulations relevant to the question of closed sessions which ought to be considered in conjunction with the Open Meetings Act.

In conclusion, we note that while section 2(g) of the Open Meetings Act generally permits public bodies to consider the selection of officers of a governing board in a closed session, it certainly does not require that a meeting of this kind be closed. Rather, such a meeting may be opened to the public either by request of a prospective appointee, by charter or rule, or by a determination by the public body that the process of selecting its officers should be fully open to public scrutiny.

## S U M M A R Y

The Open Meetings Act does not prevent
a city council from meeting in closed ses-
sion to discuss the selection of a mayor
pro tem, unless the person under consid-
eration objects. Other governmental bodies
may meet in closed session to discuss the
appointment of public officers. A meet-
ing to consider selection of the officers

Honorable A. R. Schwartz - Page 3 (H-1047)

>of a city council or governing board may
>be opened by request of a prospective
>appointee, by charter or rule, or by the
>council or board itself.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst