### SOUTHLAND LIFE INS. CO. v. NORTON.
### (No. 8985.)

Court of Civil Appeals of Texas. Galveston. Oct. 15, 1928.

PLEASANTS, C. J. At a former term of this court we affirmed the judgment of the trial court in this case. Our opinion is reported in 297 S. W. 1083, and is referred to for a full statement of the case and the issues decided. The Supreme Court granted a writ of error from the judgment of this court, and referred the case to Section A, Commission of Appeals for recommendation as to its decision. In an opinion by that tribunal [5 S. W.(2d) 767], written by Judge Critz and approved by the Supreme Court, it is held that we erred in holding that we were not authorized to set aside the verdict of the jury, rendered upon sufficient legal evidence, fixing the amount of attorney's fees appellee was entitled to recover. In the opinion of the Commission of Appeals, sent down with the mandate, and which we are required to observe and follow, we are informed that we are not bound by the direct testimony in the record in passing upon the finding of the jury upon the issue of reasonable value of the services of appellee's attorney, but that, under article 1862 of our Revised Statutes, "the Court of Civil Appeals has the right to look to the entire record in the case before them, and to view the matter in the light of the testimony, the record before them, the amount in controversy, and their own common knowledge and experience as lawyers and judges."

Article 1862 of our Statutes has heretofore been construed as authorizing Courts of Civil Appeals to require a remittitur only in cases in which the record conclusively shows that the verdict and judgment includes an amount not recoverable under the pleadings and evidence, and cases in which the amount is not susceptible of proof by direct testimony, but is left to the sound discretion and judgment of the jury and trial court, upon the facts and circumstances shown by the evidence.

To apply this article to a verdict which is based upon direct legal evidence sufficient to sustain it was, it seemed to us, a clear and unwarranted invasion of the province of the jury as the triers of fact issues. If the judgment of Courts of Civil Appeals, based upon "their own common knowledge and experience as judges and lawyers," can be substituted for the judgment of a jury based upon the preponderance of expert opinion testimony as to the reasonable value of legal services, this power of the appellate court would logically extend to verdicts based upon expert testimony fixing the value of property, and such rule would, it seems to us, in effect destroy the right of a jury trial in cases of this kind.

The opinion of the Commission of Appeals above mentioned construes article 4736 of our Revised Statutes, under which attorney's fees are claimed in this case, as only authorizing the recovery of "such a fee as would be reasonable for a litigant himself to pay his own attorney for prosecuting the case, and not a speculative or contingent fee, based upon the uncertainty of the litigation. As applied to the case at bar, it is the purpose and object of the statute to allow the plaintiff a reasonable sum for a competent attorney, or firm of attorneys, to represent him in the case and prosecute the litigation, and the statute does not contemplate a fee for more than one attorney or firm of attorneys. Indiana Lumbermen's Mut. Ins. Co. v. Meyers Stave & Mfg. Co., 158 Ark. 199, 250 S. W. 18; Mutual Life Ins. Co. of New York v. Owen, 111 Ark. 554, 164 S. W. 720."

Under this construction of the statute, we agree with the Commission of Appeals that the verdict for attorney's fees is largely excessive; and being authorized to disregard the preponderance of expert opinion testimony upon this issue, and to find such amount as seems to us fair and reasonable in the light of all the other testimony in the record, and "from our own common knowledge and experience as lawyers and judges," we conclude that appellee should not recover attorney's fees in excess of $2,000.

If appellee will, within 15 days from the filing of this opinion, file a remittitur reducing the verdict for attorney's fees to $2,000, our former judgment of affirmance will be reformed to that extent. Unless such remittitur is filed, the judgment of affirmance will be set aside, and the judgment of the trial court reversed, and the cause remanded.