**Auburn T. McFADDEN, Jr., et ux., Appellants,**

v.

**BRESLER MALLS, INC., Appellee.**

No. 12502.

Court of Civil Appeals of Texas, Austin.

March 9, 1977.

On Filing of Remittitur March 23, 1977.

Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellants.

Ronald L. McKinney, Hoppenstein & Prager, Dallas, for appellee.

O'QUINN, Justice.

This appeal is the second from judgment of a county court at law in Travis County awarding attorney's fees in a forcible entry and detainer suit.

We considered the first appeal in 1975 (526 S.W.2d 258, Tex.Civ.App.) on appellants' point of error that there was "insufficient evidence to support the award of attorney's fees" and that the fees awarded were "grossly excessive and contrary to the great weight and preponderance of the evidence."

In that decision we stated, "The award is grossly excessive, but this Court reverses the judgment of the trial court by reason of the insufficiency of evidence to support the award. If the judgment were reversed on the sole ground that the award is excessive," we pointed out, "this Court would be under mandatory duty to suggest a remittitur under provisions of Rule 440, Texas Rules of Civil Procedure."

In the first appeal the trial court had awarded attorney's fees of $4,990. In this appeal the award is for $4,950, a reduction of $40, or less than one percent of the figure considered by this Court to be grossly excessive.

We regard as grossly excessive award of $4,950 as attorney's fees in this forcible entry and detainer case, and will proceed to perform our mandatory duty to suggest a remittitur, which if filed within the time allowed, will obviate remand of the cause for another trial.

In our first opinion we examined in detail the simplicity of a proceeding in forcible entry and detainer, its long establishment in the jurisprudence of this State, and listed elementary guides available to lawyers which render needless extensive and exhaustive research in preparation for trial.

We pointed out, for guidance of the trial court on retrial of the case, that opinion testimony of attorneys would not be conclusive, but that the trier of facts should take into consideration facts in relation to services.

In this appeal attorneys for appellee appear to rely on evidence of their research in franchise law, antitrust law, and rules of law pertaining to purpose clauses in lease agreements. We perceive in this evidence research performed for Bresler Malls with a view to future problems suggested by this suit, but not at issue in this case. The hours spent on these subjects are not properly chargeable to appellants in a proceeding in forcible entry and detainer under Rule 752, Texas Rules of Civil Procedure.

In their elaborate preparation for the first trial of this case, in which after stipulations the only main issue remaining was possession, attorneys for Bresler Malls hold a position not much unlike the soldier General Grant told of in his *Memoirs*. The soldier " . . . boasted that he had cut off the leg of one of his enemy. When asked why he did not cut off his head, he replied: 'Some one had done that before.'" (U. S. Grant: *Personal Memoirs* (1885), v. 1, p. 98).

A court of civil appeals has authority, in looking at the entire record to determine whether an award of attorney's fees is excessive, to draw on the common knowledge of the justices of the court and their experience as lawyers and judges, and to view the matter in the light of the testimony, the record, and the amount in controversy. *Southland Life Ins. Co. v. Norton*, 5 S.W.2d 767, 769 (Tex.Com.App.1928, holding approved), remittitur ordered 9 S.W.2d 752, 753; *Capitol Life Ins. Co. v. Rutherford*, 468 S.W.2d 535, 537 (Tex.Civ.App.Houston (1st) 1971, no writ).

The Supreme Court held in 1972 that the question of whether an award is excessive is a fact question over which that court has no jurisdiction, and that the cause would be remanded to the court of civil appeals to pass on the question. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 697 (Tex.Sup. 1972).

Pursuant to our duty under Rule 440, and proceeding as approved in *Southland Life*, we reach the conclusion that award of attorney's fees in excess of $1,500 is excessive. If appellee files in this Court, within fifteen days from the date of this opinion and judgment, a remittitur of $3,450, the judgment of the trial court will be reformed and affirmed for the sum of $1,500 as award for attorney's fees. If remittitur is not so filed, the judgment will be reversed and the cause remanded.

Judgment affirmed on condition remittitur be filed.

## ON FILING OF REMITTITUR

Bresler Malls, Inc., appellee, filed a remittitur of $3,450.00 on March 18, 1977, in compliance with the suggestion of remittitur by this Court in our opinion of March 9, 1977. The judgment of the trial court awarding attorney's fees is reduced by the amount of such remittitur, and as so modified the judgment of the trial court is affirmed.

Remittitur filed.

Judgment modified and as modified, affirmed.