Susan C. HART, Appellant,

v.

**KELLER PROPERTIES, Appellee.**

No. 19556.

Court of Civil Appeals of Texas, Dallas.

June 12, 1978.

Lanny E. Perkins, Fiedler & Fortescue, Richardson, for appellant.

Guy W. Hull, II, Garland, for appellee.

GUITTARD, Chief Justice.

This suit began in the justice court as a forcible detainer action to recover possession of an apartment. On appeal by the lessee to the county court at law, the lessor claimed damages for occupancy of the premises after termination of the lease and pending trial de novo. The court rendered judgment against the lessee for $3,175 based on a provision in the lease for a payment of three times the rent otherwise provided as a penalty for withholding possession. The lessee appeals, contending that the measure of damages is the reasonable rental value for the period of withholding. We agree, and, accordingly, we reverse the judgment and remand the cause for a new trial.

The lessee objected in the trial court to evidence of the contents of the lease on the ground that the measure of damages was the reasonable rental value of the property rather than the amount provided in the lease. Admission of the lease over this objection is the only complaint on this appeal.

 We conclude that the lease was not admissible for the purpose of establishing damages. The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value. *Stewart v. Breese,* 367 S.W.2d 72, 74 (Tex.Civ.App.—Dallas 1963, no writ); *Snyder v. Tousinau,* 177 S.W.2d 799, 800 (Tex. Civ.App.—Galveston 1944, no writ).[1]

The lessor argues that the present lease, unlike the leases in the cases cited, expressly provides for the contingency of withholding of possession after termination of the lease and that by holding over, the lessee became a tenant at sufferance and was bound by all the lease terms, including the penalty of treble damages. We do not agree. We recognize that the parties to a contract may make provision for liquidated damages in the event of a breach when actual damages are difficult to determine and the amount agreed on is a reasonable forecast of just compensation. *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484 (1952); *Roberts v. Dehn,* 416 S.W.2d 851 (Tex.Civ. App.—Dallas 1967, no writ). Lessor, however, does not seek to justify the treble-damage provision on this basis. In both his pleading in the trial court and his brief in this court he frankly characterizes it as a penalty. As such, it cannot prevail over the legal measure of damages. Consequently, the trial court erred in admitting it for that purpose.[2]

 The lessor further argues that the lessee, by failing to except to the allegation in the petition concerning the penalty, waived any complaint of the measure of damages as pleaded, citing *Stewart v. Breese,* 367 S.W.2d 72 (Tex.Civ.App.—Dallas 1963, no writ), *supra.* In *Stewart,* however, the court held that the lessee's objection to lessor's allegation of an improper measure of damages was waived by the lessee in neither excepting to the pleading nor objecting to the evidence. In this case, although the lessee did not except to the petition, she did object to the evidence of the contents of the lease whenever such evidence was offered. Consequently, we hold that the objection was not waived.

Since the trial court's erroneous admission of the lease for the purpose of determining damages resulted in a judgment on the penalty provision rather than on the legal measure of damages, its judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

---

1. These decisions are based on Rule 752 of the Texas Rules of Civil Procedure, which carried forward a former statute allowing recovery of damages in a forcible detainer action for withholding possession pending appeal. Rule 752 has since been amended to provide, "Damages may include but are not limited to loss of rentals during pendency of the appeal." We construe this amendment as making no change in the measure of damages, which is a matter of substantive law rather than procedure. The apparent purpose of the amendment is to permit either party to recover in the forcible detainer action whatever damages he may be able to establish for withholding possession pending trial de novo.

2. We do not pass on the question of whether the monthly rental provided in the lease would be admissible as evidence of reasonable rental value, although it would not be conclusive under the authorities cited.