VOLUME MILLWORK,
INC., Appellant,

v.

WEST HOUSTON AIRPORT
CORPORATION,
Appellee.

No. 01–03–01214–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 14, 2006.

Eric G. Carter, The Carter Law Firm, Houston, TX, for Appellant.

George Andrew Coats, Coats & Evans, P.C., The Woodlands, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION ON MOTION FOR REHEARING

ELSA ALCALA, Justice.

We issued our opinion in this case on August 3, 2006. Appellant, Volume Millwork, Inc., has filed a motion for rehearing of our opinion and judgment of August 3, 2006, and appellee, West Houston Airport Corporation, has filed a response at our request. We grant rehearing, withdraw our opinion and judgment of August 3, 2006, and issue this opinion and accompanying judgment in their stead.

This is an eviction case resolved by forcible-entry-and-detainer in justice court and appealed by the tenant for trial de novo to county court, the trial court here. Appellant, Volume Millwork, Inc. (tenant), presents four issues challenging the judgment of the trial court. Tenant's first two issues challenge the interlocutory summary judgment rendered on the issues of the rights of appellee, West Houston Airport Corporation (landlord) to sue tenant and to possess the leased premises. Tenant's remaining issues challenge the legal and factual sufficiency of the evidence submitted to the trial court to support the damages and attorney's fees awarded to landlord. Because tenant's first two issues challenge landlord's right of possession to commercial premises, section 24.007 of the Property Code deprives us of jurisdiction to review those issues.[1] Accordingly, we dismiss tenant's appeal of issues one and two. We affirm the judgment of the trial court in all other respects.

## Background

Pelican Importing & Exporting Company, the previous owner of real property at the West Houston Airport Subdivision, also owned a hangar that the company had built on lots G–4 and G–5 of the subdivision. Tenant leased the hangar from Pelican in June 1997 for a term of five years that would expire on July 1, 2002, unless terminated earlier, at a base monthly rental payment of $3,600.00. The lease terms included late-payment fees, rental adjustments to compensate for increases in property taxes, and provisions for attorney's fees in the event of litigation arising from the lease. On November 29, 2001, Pelican transferred the airport property, including the hangar on lots G–4 and G–5, to the Woodrow V. Lesikar Family Trust (the trust). On the same day, Pelican assigned tenant's lease to the trust, which assumed Pelican's rights and duties as landlord under the lease with tenant.

---

1. *See* Tex. Prop.Code Ann. § 24.007 (Vernon 2000).

On November 30, 2001, Woody Lesikar, in his capacity as landlord's manager, notified tenant that landlord would henceforward be collecting the rent due under the terms of tenant's existing lease with Pelican. Seven days later, landlord's counsel issued a notice informing tenant that it had defaulted on the lease, with respect to both payments and use of the premises, and would be required to vacate unless tenant complied with the lease provisions. *See* TEX. PROP.CODE ANN. § 24.005 (Vernon 2000) (requiring notice as predicate to filing eviction suit). Notice of default proved ineffective, and landlord filed a forcible-entry-and-detainer action in justice court. Tenant did not appear, and landlord prevailed by default and was issued a writ of possession, in accordance with section 24.0061 of the Property Code and rule 748 of the Rules of Civil Procedure.[2] *See* TEX. PROP.CODE ANN. § 24.0061 (Vernon 2000); TEX.R. CIV. P. 748.

After posting bond in compliance with TEX.R. CIV. P. 571, tenant appealed the justice court's ruling by trial de novo to the trial court, County Civil Court No.1 of Harris County. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 26.042(e) (Vernon 2004); TEX.R. CIV. P. 574b, 749. Landlord again prevailed, by interlocutory summary judgment, on its right to possess the leased premises. The summary judgment evidence included the affidavit of Woody K. Lesikar, in his capacity of president of landlord, in which he explained that the trust had assigned its rights in the lease to landlord in exchange for management of the premises. Landlord had also moved for summary judgment on its claims for damages for unpaid holdover rent and attorney's fees, but the parties tried these issues to the court after tenant opposed landlord's motion for summary judgment. Landlord prevailed again, and the trial court rendered a final judgment, from which tenant appeals.

The final judgment of the county court premised landlord's recovery on the terms recited in tenant's lease with Pelican, whose obligations landlord had assumed by assignment from the trust. The judgment awarded landlord $15,624.00 in unpaid holdover rent after July 1, 2002, when the lease expired on its own terms, based on the $3,600.00 monthly rental stated in the lease. In addition, and again pursuant to the terms of the lease, the judgment awarded landlord $200.00 for two unpaid delinquent penalty payments, and an additional $1,289.97 for the difference between property taxes assessed for 2001–2002, the year in which the lease expired, and those assessed in 1997, when the lease term began. The judgment thus awarded landlord $17,113.97 for total, unpaid rent under the terms stated in the lease. The judgment also awarded landlord a total of $28,623.10 for attorney's fees, pursuant to section 24.006 of the Property Code, section 38.001(8) of the Civil Practice and Remedies Code, and rule 752 of the Rules of Civil Procedure. TEX. PROP.CODE ANN. § 24.006 (Vernon 2000); TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon Supp. 2006); TEX.R. CIV. P. 752.

Tenant superseded the judgment, in compliance with rule 749, by filing a $52,592.16 cash deposit with the Harris County clerk, and perfected its appeal to this Court to challenge the county court's determinations on the issue of possession and the award of damages and attorney's fees to landlord. *See* TEX. PROP.CODE ANN. § 24.007 (Vernon 2000). The record on appeal contains the reporter's record of the trial on landlord's damages and attorney's fees. No party requested findings of

---

2. Tenant did not seek a new trial in justice court. *See* TEX.R. CIV. P. 566, 749.

fact and conclusions of law, and none were filed.

### No Jurisdiction to Review Possession or Issues Essential to Possession

Tenant's first issue challenges landlord's capacity to evict tenant from the hangar premises by bringing the forcible-entry-and-detainer action. Tenant's second issue challenges the interlocutory summary judgment awarding possession of the hangar to landlord. Section 24.007 of the Property Code deprives this Court of jurisdiction to address either of these issues. See TEX. PROP.CODE ANN. § 24.007.[3]

 Subject-matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding. See Saudi v. Brieven, 176 S.W.3d 108, 110 (Tex.App.-Houston [1st Dist.] 2004, no pet.); Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d 907, 910 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (citing Fed. Underwriters Exch. v. Pugh, 141 Tex. 539, 174 S.W.2d 598, 600 (1943)). Lack of subject-matter jurisdiction is fundamental error that this Court may properly raise and recognize sua sponte. See Saudi, 176 S.W.3d at 113. A court's lack of jurisdiction over the subject matter renders a judgment void and requires dismissal of the cause. State ex rel. Latty v. Owens, 907 S.W.2d 484, 485–86 (Tex.1995); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Saudi, 176 S.W.3d at 113.

The Texas Constitution and the Legislature vest courts of appeals with jurisdiction over civil appeals from final judgments of district and county courts, provided the amount in controversy or the judgment exceeds $100. TEX. CONST. art. V, § 6(a); TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997); TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 2004). See Sultan v. Mathew, 178 S.W.3d 747, 752 (Tex.2005). The constitutionally authorized right of appeal may be limited, however, by "such restrictions and regulations as may be prescribed by law[,]" specifically, by legislative action. Sultan, 178 S.W.3d at 752 (quoting TEX. CONST. art. V, § 6(a) emphasis in original). Thus, "'the principle is fixed that the Legislature has the power to limit the right of appeal.'" Id. (quoting Seale v. McCallum, 116 Tex. 662, 287 S.W. 45, 47 (1926)).

 Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to the immediate possession of real property. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); Gibson v. Dynegy Midstream Servs. 138 S.W.3d 518, 522 (Tex.App.-Fort Worth 2004, no pet.). In keeping with this purpose, the Legislature has exercised its authority to limit this Court's jurisdiction in appeals from forcible-entry-and-detainer eviction proceedings by enacting section 24.007 of the Property Code, pursuant to which, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP.CODE ANN. § 24.007 (emphasis added); see also Chang v. Resolution Trust Corp., 814 S.W.2d 543, 545 (Tex.App.-Houston [1st Dist.] 1991) (orig. proceeding) (declining to grant injunctive relief or writ of prohibition sought to protect pending appellate jurisdiction because court of appeals had

---

**3.** On April 14, 2006, in compliance with TEX. R.APP. P. 42.3(a), we issued an order in which we notified the parties that it appeared to this Court, from our review of the record before us, that we have no jurisdiction to consider tenant's first two issues, pursuant to TEX. PROP. CODE ANN. § 24.007 (Vernon 2000).

no pending appellate jurisdiction to protect over judgment in forcible-entry-and-detainer action that awarded possession of commercial property); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture*, 957 S.W.2d 951, 952–53 (Tex.App.-Austin 1997, no pet.) (concluding that section 24.007 precluded appellate review, not only of issue of possession of commercial premises, but also of "any finding essential to the issue of possession").

▮ It is undisputed that tenant used the property at issue, a hangar on landlord's premises, as its business location and thus exclusively for commercial purposes and not residential purposes. After the justice court awarded possession to landlord, tenant appealed that issue for trial de novo to the county court below, which again awarded possession to landlord. We have no jurisdiction, therefore, to review either the county court's determination on the issue of landlord's possession of the hangar or any finding by the trial court that is essential to the issue of possession of the hangar. Tex. Prop.Code Ann. § 24.007; *Chang*, 814 S.W.2d at 545; *Carlson's Hill Country Beverage, L.C.*, 957 S.W.2d at 952–53.

▮ Tenant's first issue challenges landlord's legal capacity to bring the forcible-entry-and-detainer action to evict tenant. Tenant presented its challenges by means of a rule 12 motion to show authority. *See* Tex.R. Civ. P. 12. The trial court denied tenant's challenge and resolved this issue in favor of landlord, thus permitting landlord to proceed in the trial de novo. Landlord's capacity, or legal authority, to proceed to evict tenant by forcible-entry-and-detainer was thus a finding by the trial court that was essential to the issue of possession. *See Carlson's Hill Country Beverage, L.C.*, 957 S.W.2d at 953. Because landlord's capacity or authority to proceed against tenant was an essential finding on the issue of possession, section 24.007 precludes our exercising jurisdiction to address tenant's first issue as well.[4] Tex. Prop.Code Ann. § 24.007; *Carlson's Hill Country Beverage, L.C.*, 957 S.W.2d at 952–53.

Because tenant's first two issues challenge landlord's right to possess, or are essential to landlord's right to possess, a commercial premises, we dismiss tenant's appeal as to those two issues.

### Jurisdiction—County Civil Court at Law No. 1

Tenant has submitted to the Court a supplemental letter brief, in which tenant challenges the jurisdiction of the trial court, County Civil Court at Law No. 1, on trial de novo. Landlord responded to these contentions at this Court's request. Tenant contends that the county court impermissibly exceeded its jurisdiction on the trial de novo, in violation of section 27.031 of the Government Code, because the

---

**4.** Tenant's challenges do not contest landlord's standing to sue, but, rather, landlord's legal capacity or authority to proceed as a party. A party has capacity or authority and is thus a proper party when the party has the legal authority to act. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005) (citing *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996)) As in the trial court, tenant's challenges question landlord's legal authority to act on behalf of the trust in claiming to have purchased the airport hangar in November 2001 and to have assumed management rights as landlord. As in the trial court, tenant's challenges do not question standing, which may be asserted for the first time on appeal to question whether a party has an enforceable right or interest that can actually be determined by the judicial remedy sought. *See id.* at 849. *See also id.* at 849 & n. 1 (noting case law that has blurred distinction between *standing* and *capacity*).

amount of the county court's judgment exceeded the $5,000.00 jurisdictional maximum of the justice court. *See* TEX. GOV'T CODE ANN. § 27.031(a)(1) (Vernon 2004) (stating jurisdictional limit of justice court); *see also Garza v. Chavarria,* 155 S.W.3d 252, 255, 258 (Tex.App.-El Paso 2004, no pet.); *Color Tile, Inc. v. Ramsey,* 905 S.W.2d 620, 622 (Tex.App.-Houston [14th Dist.] 1995, no writ) (both stating that appellate jurisdiction of county court at law confined to jurisdictional limits of justice court); *cf. Gibson,* 138 S.W.3d at 521 (construing section 24.007 of Property Code as limited to precluding review of commercial cases raising issue of possession).

To the extent that the county court may have lacked jurisdiction, this Court also lacks jurisdiction and must dismiss tenant's cause entirely.[5] *See Garza,* 155 S.W.3d at 252, 258; *Color Tile, Inc.,* 905 S.W.2d at 622. If tenant's contention is correct, his challenge pertains to our jurisdiction as well, and we address it for that reason, despite tenant's having raised it for the first time on appeal. *See Tex. Ass'n of Bus.,* 852 S.W.2d at 445; *Saudi,* 176 S.W.3d at 113; *Garza,* 155 S.W.3d at 258; *Color Tile, Inc.,* 905 S.W.2d at 622.

*Color Tile, Inc.,* on which tenant relies, does not apply. Like this case, *Color Tile, Inc.,* began as a suit in justice court. *See Color Tile, Inc.,* 905 S.W.2d at 621. In contrast to the forcible-entry-and-detainer action at issue here, however, *Color Tile, Inc.* was an action for a balance due on a flooring contract. *See id.* Although Ramsey, the buyer, asserted defenses and counterclaims, Color Tile prevailed and recovered a judgment for $1,179.50. *Id.* On appeal by trial de novo in county court, however, Ramsey amended his pleadings

to assert additional counterclaims, on which he prevailed and recovered judgment that far exceeded the jurisdictional amount of the justice-court judgment. *See id.* at 623 (citing *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989); *United Fin. Corp. v. Quinn,* 149 S.W.2d 148, 149 (Tex.Civ.App.-Galveston 1941, writ dism'd).) For that reason, our sister court dismissed Color Tile's attempted appeal of the judgment awarding damages to Ramsey. *Color Tile,* 905 S.W.2d at 623. The El Paso Court of Appeals reached the same result in *Garza,* 155 S.W.3d at 258.

■ This case, however, arises under provisions of the Rules of Civil Procedure that exempt appeals to county court for trial de novo from justice-court forcible-entry-and-detainer determinations from the jurisdictional-amount limitations applied in cases like *Color Tile* and *Garza.* Part VII of the Rules of Civil Procedure is entitled "Rules Relating to Special Proceedings." Section 3 of part VII controls forcible-entry-and-detainer actions and therefore applies to this case. TEX.R. CIV. P. 749 authorizes an appeal from a judgment of a justice court to "the county court of the county in which the judgment is rendered." Tenant relied on rule 749 here in perfecting its appeal to the county court and complied with the bond required by that rule. *See id.; see also* TEX.R. CIV. P. 750 (stating form for appeal bond).

Of particular importance to tenant's jurisdictional challenge here is rule 752, which permits the prevailing party, on trial de novo to county court, to recover "damages for withholding or defending possession of the premises during the pendency of the appeal." *See* TEX.R. CIV. P. 752. "Damages may include but are not limited

---

5. Tenant incorrectly contends that it would be entitled to a reversal if the county court lacked jurisdiction.

to loss of rentals during the pendency of the appeal and reasonable attorney's fees in the justice and county courts. . . ." *Id.; see RCJ Liquidating Co. v. Village, Ltd.,* 670 S.W.2d 643, 644 (Tex.1984) (quoting rule 752 and predecessor statute to Property Code section 24.007; further holding that tenant's failure to file appeal bond deprived county court, and, therefore, appellate court, of jurisdiction).

Rule 752, which authorizes appeals by trial de novo to county court from justice-court determinations in forcible-entry-and-detainer actions, thus authorizes recovery of damages, "reasonable" attorney's fees,[6] and costs on trial de novo to county court. *See* TEX.R. CIV. P. 752. Because rule 752 imposes no limits beyond those stated in the rule, a judgment may, therefore, exceed the jurisdictional-amount limitation that otherwise controls county-court adjudications on appeals by trial de novo from justice court, as applied in *Color Tile, Inc.,* and *Garza.* We therefore agree that "nothing in the rules limits the damage claims joined in the county court to the jurisdictional limits of the justice court." *Carlson's Hill Country Beverage,* 957 S.W.2d at 954; *see also RCJ Liquidating Co.,* 670 S.W.2d at 644 (holding that court of appeals incorrectly concluded that it and county court lacked jurisdiction due to jurisdictional-amount limitation of justice court, but that appellate court's judgment of dismissal was correct, because late-filed appeal bond deprived county court of jurisdiction).

Having sued for possession and prevailed in justice court, landlord properly relied on rule 752 to pursue its additional damages, reasonable attorney's fees, and costs, as authorized by that rule and section 24.007 of the Property Code, without regard to the amount-in-controversy limitation of justice court.

We overrule the challenge to the jurisdiction of the trial court presented by tenant's supplemental letter brief.

## Sufficiency of Evidence of Damages and Attorney's Fees

Tenant's third and fourth issues challenge the legal and factual sufficiency of the evidence to support the damages awarded landlord for loss of rental value and the attorney's fees awarded landlord.

### A. Standard of Review

■ Neither tenant nor landlord requested postjudgment findings of fact and conclusions of law pursuant to TEX.R. CIV. P. 296, and the trial court filed none. Accordingly, the trial court's judgment implies all findings necessary to support it, provided the necessary findings are raised by the pleadings and supported by the evidence, *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002); *Wade v. Comm'n for Lawyer Discipline,* 961 S.W.2d 366, 374 (Tex.App.-Houston [1st Dist.] 1997, no writ), and the decision can be sustained on any reasonable theory consistent with the evidence and the governing law. *Friedman v. New Westbury Village Assocs.,* 787 S.W.2d 154, 157–58 (Tex.App.-Houston [1st Dist.] 1990, no writ). Because the record on appeal contains a full reporter's record of the trial, tenant may challenge the trial court's implied findings for legal and factual sufficiency, under the same standards that govern challenges to a jury's findings. *See*

---

**6.** Rule 752's authorization of recovery of attorney's fees states that, "the requirements of Section 24.006 of the Texas Property Code have been met." TEX.R. CIV. P. 752; *see* TEX.

PROP.CODE ANN. § 24.006 (Vernon 2000) (governing "Attorney's Fees and Costs of Suit"). Landlord's compliance with section 24.006 is not at issue here.

*BMC,* 83 S.W.3d at 795.[7] Tenant must, however, demonstrate that the trial court's judgment cannot be sustained by any theory raised by the evidence. *See Friedman,* 787 S.W.2d at 158.

In *City of Keller v. Wilson,* 168 S.W.3d 802 (Tex.2005), the supreme court reexamined the standard of review for legal-sufficiency challenges. "The final test for legal sufficiency," concluded the court, "must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* at 827. "[L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* If the evidence "would enable reasonable and fair-minded people to differ in their conclusions, then jurors," and here, the trial court, as trier of fact, "must be allowed to do so." *See id.* at 822. As long as the evidence falls within the zone of reasonable disagreement, "[a] reviewing court cannot substitute its judgment for that of the trier-of-fact." *Id.* at 822. Although the reviewing court must "consider evidence in the light most favorable to the judgment, and indulge every reasonable inference that would support it[,] . . . if the evidence allows of only one inference, neither jurors nor the reviewing court may disregard it." *Id.*

▪ In determining factual sufficiency, this Court weighs all the evidence, both supporting and conflicting, and may set the finding aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176

(Tex.1986); *Comm'n of Contracts v. Arriba Ltd.,* 882 S.W.2d 576, 582 (Tex.App.-Houston [1st Dist.] 1994, no writ). In an appeal from a bench trial, we may not invade the fact-finding role of the trial court, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *Nordstrom v. Nordstrom,* 965 S.W.2d 575, 580–81 (Tex.App.-Houston [1st Dist.] 1997, pet denied).

### B. Damages

Tenant challenges the legal and factual sufficiency of the evidence to support the damages awarded to landlord. Tenant asserts that the trial court should have disregarded the testimony from Woody K. Lesikar because his testimony was inadmissible, and that the only remaining evidence about damages was the lease, which tenant claims is no evidence of damages.

▪ Although not set out in findings of fact and conclusions of law, the trial court impliedly concluded that the lease was valid and impliedly found both that tenant breached the lease by holding over in its tenancy after the lease term expired and that landlord was entitled to holdover damages. However, tenant asserts that the trial court erred by admitting the lease into evidence and by considering the terms of the lease in assessing the amount of damages awarded. Tenant cites to *Hart v. Keller Props.,* 567 S.W.2d 888 (Tex.Civ. App.-Dallas 1978, no writ), as authority for its claim that the lease is inadmissible evidence. In *Hart,* the trial court "rendered judgment against the lessee . . .

---

**7.** In a case tried to the court, the appealing party need not file a motion for new trial to preserve legal or factual-sufficiency points on appeal. *Vannerson v. Vannerson,* 857 S.W.2d 659, 677 n. 8 (Tex.App.-Houston [1st Dist.] 1993, writ denied); *see also In re Marriage of*

*Parker,* 20 S.W.3d 812, 816 (Tex.App.-Texarkana 2000, no pet.) (stating same); *O'Farrill Avila v. Gonzalez,* 974 S.W.2d 237, 248 (Tex. App.-San Antonio 1998, pet. denied) (holding that party to case tried to trial court need not preserve legal or factual sufficiency points).

based on a provision in the lease for a payment of three times the rent otherwise provided as a penalty for withholding possession." *Id.* The court held that the lease was inadmissible because the measure of damages is "reasonable rental value," rather than the penalty stated in the lease. *Id.* But the court did not address whether the lease was admissible as evidence of reasonable rental value. *Id.* at 889. The court stated, "We do not pass on . . . whether the monthly rental provided in the lease would be admissible as evidence of reasonable rental value. . . ." *Id.* at 889. *Hart,* therefore, does not hold that a lease is inadmissible as evidence of reasonable rental value. *Id.* We conclude that the trial court properly considered the terms in the lease agreement between the parties as evidence of reasonable rental value for the premises. *See Standard Container Corp. v. Dragon Realty,* 683 S.W.2d 45, 47 (Tex.App.-Dallas 1984, writ ref'd n.r.e.) (holding that trial court properly awarded damages for holdover rent that was in accordance with the monthly rate stated in the lease agreement).

▆ The lease provided that after the expiration of the lease, unpaid holdover rent would be based on a $3,600.00 monthly rental, unpaid delinquency fees, and an increase in property taxes. It is undisputed that tenant owed holdover rent from July 1, 2002, when the lease expired by its own terms, until landlord obtained its writ of possession. Under the terms of the lease, the total amount due for unpaid rent, unpaid fees, and property taxes was $17,113.97. The final judgment of the county court awarded $17,113.97 in damages to landlord.

We conclude that the trial court impliedly found that the amount of reasonable rental value for the premises was the amount set forth in the lease. The trial court thus impliedly disregarded the testimony by Lesikar that $10,000 per month was the reasonable rental value of the hangar. Because nothing in the record suggests that the trial court relied on Lesikar's testimony to assess damages, we need not determine whether the trial court erred by overruling tenant's objections to Lesikar's testimony.

On applying the legal-sufficiency standards recently stated in *City of Keller,* 168 S.W.3d at 827, we hold that the evidence on which the trial court relied, which was derived from the lease terms, would enable reasonable and fair-minded persons to award landlord the damages awarded here by the trial court. *See id.* at 827. Because this evidence permits only one inference, specifically, the damages awarded to landlord here, the trial court could not disregard it and we may not disregard it. *See id.* at 814, 817. On reviewing the same evidence for factual sufficiency, we hold there is no basis on which to conclude that the award of $17,113.97 in damages to landlord is so contrary to the overwhelming weight of the evidence that the award is clearly wrong and manifestly unjust. *See Cain,* 709 S.W.2d at 176; *Arriba Ltd.,* 882 S.W.2d at 582. We therefore conclude that tenant has not met its burden to demonstrate that the trial court's judgment awarding landlord $17,113.97 in damages cannot be sustained by any theory raised by the evidence. *See Friedman,* 787 S.W.2d at 158.

Having thus concluded that the evidence is both legally and factually sufficient to support the award of $17,113.97 in damages to landlord, we overrule tenant's third issue.

## C. Attorney's Fees

Tenant's fourth issue challenges the legal and factual sufficiency of the evidence to support the $28,623.10 award to landlord as attorney's fees. We review these

challenges under the standards and scope of review stated above. *See Friedman,* 787 S.W.2d at 157–58. Here, recovery of attorney's fees is permitted by section 24.006 of the Property Code, section 38.001(8) of the Civil Practice and Remedies Code, and rule 752 of the Rules of Civil Procedure. *See* Tex. Prop.Code Ann. § 24.006 (Vernon 2000) (authorizing recovery of reasonable attorney's fees to landlord evicting tenant provided statutory notice given); Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon Supp.2006) (authorizing recovery of reasonable attorney's fees and cost to prevailing party in suit on written or oral contract); Tex.R. Civ. P. 752 (authorizing recovery of reasonable attorney's fees and costs, provided requirements of section 24.006 of Property Code met). Because landlord prevailed on its breach-of-contract claim, the trial court had a mandatory duty to award attorney's fees pursuant to chapter 38. *See Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998). In addition, the lease provisions authorized recovery of attorney's fees.

The trial-court judgment cites both statutes and rule 752 as authorizing the attorney's fees award, and the judgment recites the trial court's express finding that landlord "incurred reasonable and necessary attorney's fees in seeking and obtaining possession of the hangar and seeking and obtaining recovery of other damages related to obtaining possession (i.e. unpaid rent) which totaled $28,623.10." In addition, the judgment identifies seven different proceedings in which landlord incurred attorney's fees and specifies an award for each proceeding. These proceedings and respective allocations of fees include the following: those before the justice court ($2,541), pretrial proceedings in the trial court ($5,500), responding to tenant's unsuccessful motion to show authority ($10,487.50), preparing landlord's motion for summary judgment ($3,730), responding to

tenant's unsuccessful plea in abatement ($2,354.60), trial preparation and trial of the case to conclusion ($3,500), and posttrial matters relating to securing entry of judgment ($1,500).

■ An award of attorney's fees must be supported by evidence that the fees were both reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). A trial court determines the reasonableness of an attorney's fee award by considering the factors enumerated in *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (citing Tex. Disciplinary R. Prof. Conduct 1.04(b), *reprinted in* Tex. Gov't Code tit. 2, subtit. G app. (State Bar Rules, art. X, § 9) (listing "factors that may be considered in determining the reasonableness" of a fee, but without excluding other relevant factors)). *See C.M. Asfahl Agency v. Tensor, Inc.,* 135 S.W.3d 768, 801–02 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (quoting *Andersen* factors).

On appeal, tenant asserts that the evidence is legally insufficient because (1) landlord's counsel's testimony impermissibly relied on the excluded billing records and was thus inadmissible, and (2) under *McFadden v. Bresler Malls, Inc.,* the amount of attorney's fees awarded to landlord is "a patently unreasonable amount for an appeal of a forcible detainer proceeding," for which no more than $1,500.00 is a permissible recovery. *See McFadden v. Bresler Malls, Inc.,* 548 S.W.2d 789, 790 (Tex.Civ.App.-Austin 1977, no writ). Tenant also contends that the evidence is legally and factually insufficient to support the amount of attorney's fees awarded.

### 1. *Impermissible Reliance on Excluded Billing Records*

Tenant contends that the trial court should have disregarded the testimony of landlord's counsel, which was the only evi-

dence offered by landlord in support of the award of attorney's fees. Tenant argues that counsel's testimony relied on notes that were abstractions of landlord's counsel's billing records, which the trial court had excluded from evidence after tenant objected that landlord did not produce those records in response to discovery requests. Tenant contends that counsel's abstractions from the billing records should also have been excluded from evidence.

The record shows that landlord's counsel called himself to the stand to testify concerning landlord's attorney's fees and received the trial court's permission to testify in narrative form. *See Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.,* 754 S.W.2d 764, 767 (Tex.App.-Houston [1st Dist.] 1988, writ denied); *Goad v. Goad,* 768 S.W.2d 356, 359 (Tex.App.-Texarkana 1989, writ denied) (noting that when counsel has personal knowledge through representing client, counsel is qualified to represent party at trial to give expert opinion testimony concerning attorney's fees incurred in case). Landlord's counsel began his narrative by stating that he was familiar with "the normal, ordinary, customary legal rates charged" to a client like landlord in the Houston area, that he was a principal of his firm, retained to represent landlord in this case, and that he was familiar with all proceedings in this case. Counsel explained that he had opinions concerning "the reasonable and ordinary and necessary" attorney's fees incurred. Continuing the narrative, counsel stated that his opinion testimony was based on his personal knowledge, as trial counsel throughout the proceedings of this case and as an attorney with ten years' experience in civil litigation, of the pleadings he prepared, both on behalf of landlord and in response to tenant's claims; the discovery between the parties; and the hearings conducted before the trial court, particularly as necessitated by tenant's responsive pleadings, which included the unsuccessful motions to show authority and for abatement.

Tenant's first objection was that landlord's counsel should not be permitted "to offer any opinion as to reasonable and necessary attorney's fees" because landlord would necessarily be testifying based on billing records that landlord had not produced in response to discovery requests. Landlord's counsel replied that he had not relied on a particular document, but had based his opinions on attorney's fees on his experience and training and his "personal familiarity throughout the pendency of this case." The trial court responded to tenant's objection as follows:

> Sustain the objection in part. To the extent that any opinion that you may render would be based upon the records that have not been produced, the objection is sustained. I will not sustain it to the extent of precluding you from testifying outside of those records.

After the trial court announced this ruling, landlord's counsel began to testify from memory, based on notes written on a pad. Counsel then stated his opinion that $28,622.20 was a "reasonable, necessary, and ordinary" amount for attorney's fees and explained that the amount excluded fees expended in the earlier district-court action. Counsel proceeded to state that his work as an attorney in this case could be broken down into six different segments and that $2,541.00 and $5,500 were the reasonable and necessary fees for the justice court segment and the defensive response to tenant's challenge to the justice court's ruling, respectively.

After that testimony, tenant challenged landlord's counsel's use of his notepad as "a summary of [his] attorney's fees in this

case" and obtained the trial court's permission to conduct a voir-dire examination of landlord's counsel. In response to tenant's questioning, landlord's counsel stated that he had no summary, that there was no underlying document that would be offered into evidence, that the note pad contained only his notes, and that he was familiar with his billing statements, but did not review them in preparing the notes from which he was testifying. Landlord's counsel explained that he was familiar with what he had charged throughout the proceeding. Following the voir-dire examination by tenant's counsel, landlord's counsel concluded his narrative testimony by stating that he had based his opinions concerning the reasonable, necessary and ordinary attorney's fees in this case on his "knowledge of and familiarity with the aspects concerning attorney's fees set forth in Rule 1.04 of the Texas rules governing lawyers."

■ Though tenant objected to landlord's counsel's testimony, on the grounds that it included abstractions from the excluded billing records, the trial court never ruled on the objections. *See* Tex.R.App. P. 33.1(a)(2)(A) (requiring ruling by trial court to preserve error on appeal). Because tenant did not obtain a ruling on its objection to the admissibility of landlord's counsel's testimony, tenant may not, through its sufficiency challenge, contend on appeal, that the trial court should have disregarded that testimony. *Id.*

### 2. *McFadden Does Not Apply*

On appeal, as at trial, tenant challenges counsel's request for attorney's fees by asserting that it was unreasonable as a matter of law under *McFadden,* which held that an "award of attorney's fees in excess of $1,500 is excessive." *See McFadden,* 548 S.W.2d at 790.

We note at the outset that, in responding to tenant's trial-court challenges, land-

lord's counsel distinguished *McFadden* from this case by stating,

> I think in a general sense the [*McFadden* ] Court is absolutely right[,] but in this specific sense, no. What they were describing, unfortunately, is not what happened in this case primarily because you and your client endeavored to make this a[s] complicated and lengthy [a] process for my client as you possibly could.

We agree that *McFadden* is factually distinguishable. As the opinion reflects, the *McFadden* case involved a simple detainer action, decided almost 30 years ago, that resulted in an award of attorney's fees deemed reasonable at that time. *See id.* at 789–90. Nothing in *McFadden* suggests that the tenant in that case opposed the landlord's eviction by asserting challenges like those presented by tenant here. Of the total fees awarded in this case, approximately $5,000, or one-fifth of the total fees, was attributed to landlord's counsel's preparing and filing oppositions to tenant's motions to show authority and for abatement.

Moreover, the *McFadden* trial court based the award solely on rule 752 and what is now section 24.006 of the Property Code. *See McFadden,* 548 S.W.2d at 790. In this case, the county court also relied on chapter 38, of which section 38.003 is part. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.003 (Vernon 1997). Pursuant to section 38.003, proof that the fees requested are "usual and customary," as provided by landlord's counsel here, gives rise to a statutory presumption that the usual and customary fees requested are reasonable. *See id.; Gen. Elec. Supply Co. v. Gulf Electroquip, Inc.,* 857 S.W.2d 591, 601 (Tex.App.-Houston [1st Dist.] 1993, no writ). We conclude that *McFadden* does not apply and therefore conclude that ten-

ant may not rely on *McFadden* to assert that the $28,623.10 awarded as attorney's fees is unreasonable as a matter of law.

### 3. *Amount of Attorney's Fees*

 Tenant also asserts that the evidence is legally and factually insufficient to support the $28,623.10 award for attorney's fees, because the amount is unreasonable. The reasonableness of an attorney's fee award generally presents a question of fact. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990); *Tesoro,* 754 S.W.2d at 767. "Ordinarily, the allowance of an attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion." *Id.* at 881.

 Landlord's counsel's testimony detailed the six segments of work he performed in representing landlord. His testimony cited the experience and expertise on which he relied in representing landlord and in forming his opinion that the fees requested for his work were reasonable, necessary, and ordinary. Landlord's counsel further documented the necessity of the fees by demonstrating the need to respond to tenant's motions to show authority and for abatement. He attested to his knowledge of and familiarity with both the proceedings in this case and the factors that govern an award of attorney's fees stated in rule 1.04 of the State Bar Rules. He further explained that he relied on those factors in determining that the attorney's fees he requested were reasonable, necessary, and ordinary. *See Arthur Andersen & Co.,* 945 S.W.2d at 818.

In testifying as an expert on attorney's fees in response, tenant's counsel offered his opinion that an attorney's fee in excess of $2,500 "would be unwarranted and unjustified in the matters regarding possession only." Tenant's attorney explained

that attorney's fees greater than $2,500 are excessive because (1) under controlling case law, it is never appropriate for attorney's fees to exceed $2,500 for this type of case, and (2) the trial court should not have compensated landlord for fees incurred regarding "ancillary motions" that did not relate solely to possession. The "ancillary motions" to which tenant's counsel referred specifically were landlord's response to the motion to show authority, filed by tenant, which resulted in attorney's fees of $10,487.50 according the judgment, and landlord's response to the plea in abatement, also filed by tenant, which resulted in attorney's fees of $2,354.60 according to the judgment.

Tenant's attorney's assertion that case law limits attorney's fees to $2,500 derives from the *McFadden* case. In distinguishing *McFadden* above, we rejected tenant's contention that case law limits attorney's fees to a specific, minimal amount in every case. Case law, therefore, does not limit attorney's fees in this case to $2500, as tenant suggests.

Tenant also contends that the trial court abused its discretion by awarding attorney's fees based merely on the testimony of landlord regarding the motion to show authority and the plea in abatement, which tenant disputed. The record, however, shows that the trial court had more than this disputed testimony. The record includes (1) the motion to show authority filed by tenant, (2) the plea in abatement filed by tenant, (3) landlord's eight-page written response to tenant's plea in abatement, (4) the trial court's written order granting the motion to show authority, and (5) the trial court's oral order denying the plea in abatement after a hearing. The trial court, therefore, had documents that were part of the record in this case, that were consistent with the testimony from

landlord's counsel concerning his work performed in this matter.

We conclude that the record shows that the trial court could have reasonably determined that the actions taken by landlord, in responding to the motion to show authority and plea in abatement, were reasonable and necessary, in accordance with the *Andersen* factors and rule 1.04(b) of the Disciplinary Rules of Professional Conduct, for landlord to pursue possession of the premises. *See* TEX. PROP.CODE ANN. § 24.006; TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8); TEX.R. CIV. P. 752 (all cited in trial court's judgment); (authorizing recovery of reasonable attorney's fees and costs, provided requirements of section 24.006 of Property Code met); *see also Arthur Andersen & Co.*, 945 S.W.2d at 818 (citing TEX. DISCIPLINARY R. PROF. CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9) (listing "factors that may be considered in determining the reasonableness" of a fee, but without excluding other relevant factors)); *C.M. Asfahl Agency*, 135 S.W.3d at 801–02 (quoting *Andersen* factors).

The remainder of landlord's evidence on attorney's fees, which concerns the reasonableness of the fees charged to perform the services and the amount of time to perform the services, remained undisputed. The trial court did not abuse its discretion, therefore, by awarding fees in amounts provided by landlord's attorney, an undisputedly interested witness, because that evidence was "clear, direct and positive, and not contradicted by any other witness or attendant circumstances" or circumstances that tend to cast suspicion on the evidence. *See Ragsdale*, 801 S.W.2d at 882.

As noted above, the trial court had a mandatory duty to award landlord attorney's fees, based on its having prevailed on its breach-of-contract claim. *See Bocquet*,

972 S.W.2d at 20. On applying the standards for legal-sufficiency review stated in *City of Keller*, 168 S.W.3d at 827, and considering the record based on those standards, the record within the statutory framework of chapter 38, and the undisputed evidence in the record, we hold that the evidence is legally sufficient for reasonable and fair-minded persons to award landlord $28,623.10 as reasonably necessary fees for this matter.

On reviewing the record to analyze the factual sufficiency of the evidence before the trial court, which we also consider within the statutory framework of chapter 38 and the undisputed evidence in the record, we hold that there is no basis on which to conclude that the award of $28,623.10 as reasonably necessary fees is so contrary to the overwhelming weight of the evidence that the award is clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176; *Arriba Ltd.*, 882 S.W.2d at 582. We therefore conclude that tenant has not met its burden to demonstrate that the trial court's judgment awarding landlord $28,623.10 in attorney's fees cannot be sustained by any theory raised by the evidence. *See Friedman*, 787 S.W.2d at 157–58.

We overrule tenant's fourth point of error.

### Conclusion

We dismiss tenant's appeal with respect to its first two issues, which impermissibly challenge landlord's right of possession. In all other respects, we affirm the judgment of the trial court.