Opinion issued July 23, 2009









Opinion issued
July 23, 2009

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00760-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



THOMAS SCHURING et ux., ROSE SCHURING, Appellants

 

V.

 

KINGWOOD HORSEMEN’S ASSOCIATION, Appellee

 

 



On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 918,039

 

 



MEMORANDUM OPINION




           In this suit over possession of a
horse stall, Thomas and Rose Schuring appeal a judgment in favor of Kingwood
Horsemen’s Association (Kingwood) awarding Kingwood possession of the stall,
$1,000 in expenses, and $8,000 in attorney’s fees.  On appeal, the Schurings’
complain that the trial court erred in granting Kingwood’s motion for summary
judgment because (1) fact issues exist as to the Schurings’ rightful possession
of the barn stall; and (2) they are not estopped from pursuit of possession of
the stall because they failed to disclose it in their bankruptcy proceeding. 
Kingwood responds that we lack jurisdiction to hear this appeal, because, as
this is a forcible entry and detainer suit, no appeal may lie from the county
court’s award of possession.  The Schurings cannot appeal a final judgment of a
county court in an eviction suit concerning non-residential premises.  We agree
we lack jurisdiction, and therefore we dismiss the appeal.    

Background

          On May 27, 1994, the Schurings’
daughter, Theresa Schuring, leased Stall and Tack Room Number O, located in
Barn Number 2, Trails End Stables, from Kingwood to house her horse, named
Nageem.  In 2003, the Schurings signed a lease modification which would add
them as parties to the lease, but no representative of Kingwood ever signed
it.  Nageem died in July 2007, and the stall became vacant.  In January 2008,
Kingwood sent a letter to Theresa Schuring notifying her that her lease had
terminated and Kingwood planned to release the stall.  Accordingly, on March 1,
2008, Theresa removed her belongings from the stall.  But, after Theresa moved
out, the Schurings moved some of their items, and later a new horse, into the
stall.  After efforts to remove the Schurings’ possessions were unsuccessful,
Kingwood notified them of its intent to evict them, by certified mail and a
posting on the stall door. 

          After a hearing in the
justice court, the justice of the peace signed a final judgment awarding
Kingwood possession of the stall and tack room and its reasonable attorney’s
fees.  The Schurings appealed the decision to Harris County Court at Law,
number two.  Kingwood moved for summary judgment establishing its right to possession
of the stall, which the trial court granted.  The Schurings waived the right to
proceed to trial on the issue of attorney’s fees.  The county court awarded a
final judgment to Kingwood for possession, expenses, and attorney’s fees.  The
Schurings do not appeal the award of attorney’s fees.  Thus we do not address
this issue.  

Jurisdiction

           Kingwood observes that, because final
judgments of county courts in eviction cases concerning non-residential
premises are not appealable, our Court lacks jurisdiction to consider the
Schurings’ appeal.  See Tex.
Prop. Code Ann. § 24.007 (Vernon 2000) (“A final judgment of
a county court in an eviction suit may not be appealed on the issue of
possession unless the premises in question are being used for residential
purposes only”).  A court must have jurisdiction before it can make a
ruling in a case.  Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993).  Otherwise, it must be dismissed.  Id. at 446.  The Texas Constitution and the Legislature vest courts of
appeals with jurisdiction over civil appeals from final judgments of district
and county courts where the amount in controversy exceeds $100.  Tex. Const. art. V, § 6(a); Tex. Civ. Prac. & Rem. Code Ann.
§ 51.012 (Vernon 2008); Tex. Gov’t Code
Ann. § 22.220(a) (Vernon 2004); Volume Millwork, Inc. v. West
Houston Airport Corp., 218 S.W.3d 722, 726 (Tex. App.—Houston [1st Dist.]
2006, pet. denied).  The Legislature, however, has the power to limit the right
of appeal.  Volume Millwork, Inc., 218 S.W.3d 722 at 726 (citing Sultan
v Mathew, 178 S.W.3d 747, 752 (Tex. 2005)).  

The Government Code
prohibits appeals to the court of appeals from final judgments of county courts
or county courts at law if the claim originates in small claims court.  Tex. Gov’t Code Ann. § 28.053(d)
(Vernon 2004); Sultan v. Mathew, 178 S.W.3d 747, 750 (Tex. 2005).  No
similar restriction exists for cases that originate in justice court, as this
one did.  See Sultan v Mathew, 178 S.W.3d 747 at 752.  The Property
Code, however, restricts appeals from a final judgment of a county court in an
eviction suit on the issue of possession, unless the premises are for
residential use only.  Tex. Prop. Code
Ann. § 24.007 (Vernon 2000).  It is undisputed that the
Schurings did not use the stall and tack room as a residence.  We therefore
lack jurisdiction to hear their appeal.  See Volume Millwork, Inc., 218
S.W.3d at 727.  

Conclusion

We dismiss the Schurings’
appeal for want of jurisdiction.  All pending motions are dismissed as moot.

 

 

                                                          Jane Bland

                                                          Justice

 

 Panel consists of Justices Keyes,
Hanks, and Bland.